FILED- GR
February 8, 2010 1:54 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
__mrs/__

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | | |
|---|---|---|
| SCOTT HARMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:10-cv-123 |
| v. | ) | Gordon J. Quist |
| | ) | US District Judge |
| ALLIED INTERSTATE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, SCOTT HARMS, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, ALLIED INTERSTATE, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. SCOTT HARMS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Comstock Park, County of Kent, State of Michigan.

1

5. ALLIED INTERSTATE, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of New York.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV.  ALLEGATIONS

9. On or about October 12, 2009, Plaintiff received a telephone call from Ms. Victoria Johnson, a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to Sallie Mae.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. During the course of the aforementioned telephone call between Defendant and Plaintiff, Defendant stated that Plaintiff was a cheat and a fraud and that defrauding Sallie Mae is theft and is "punishable by law".

12. During the course of the aforementioned telephone call between Defendant and Plaintiff, Defendant stated that unless Plaintiff made a payment against the debt he allegedly owed, Defendant would garnish his wages and there would be nothing Plaintiff could do to stop the garnishment.

13. During the course of the aforementioned telephone call between Defendant and Plaintiff, Defendant stated Plaintiff needed to make a payment against the debt he allegedly owed and the only acceptable method of payment was to provide Defendant with his checking account details and Defendant would take electronic automated payments.

14. On or about October 29, 2009, Defendant initiated more than three (3) calls to Plaintiff in a single day.

15. During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

16. Upon information and belief, Defendant has not initiated a lawsuit against Plaintiff for the debt he allegedly owes.

17. Upon information and belief, Defendant has no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

18. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

19. Defendant does not have a judgment against Plaintiff for the debt he allegedly owes.

20. Defendant stated to Plaintiff that the debt he allegedly owes is not a federally subsidized loan.

21. Given that the debt allegedly owed by Plaintiff is not a federally subsidized loan, Defendant would need to obtain a judgment against Plaintiff prior to commencing garnishment proceedings.

22. In its attempts to collect the debt allegedly owed by Plaintiff to NameofCreditor, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   g. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

   h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   i. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   j. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

   k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.  JURY DEMAND

24.  Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SCOTT HARMS, by and through his attorneys, respectfully prays for judgment as follows:

    a.  All actual compensatory damages suffered;

    b.  Statutory damages of $1,000.00;

    c.  Plaintiff's attorneys' fees and costs;

    d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
SCOTT HARMS

By: _____
David M. Marco
Attorney for Plaintiff

Dated: February 4, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us